IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUNIOR HERNANDEZ-REGALADO, §<br>　#54016-177, §<br>　　　　MOVANT, §<br>　　　　　　　§<br>v. §<br>　　　　　　　§<br>UNITED STATES OF AMERICA, §<br>　　　　RESPONDENT. § | CASE NO. 3:18-CV-1126-D-BK<br>(CRIMINAL NO. 3:16-CR-160-D-1) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for pretrial management, including findings of fact and a recommended disposition. As detailed herein, the motion should be **DENIED,** and this case should be **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

On June 16, 2017, after pleading guilty to possessing a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Movant Junior Hernandez-Regalado ("Hernandez") was sentenced to 108 months' imprisonment and a two-year term of supervised release. Crim. Doc. 48. The Court of Appeals for the Fifth Circuit dismissed Hernandez's direct appeal on February 16, 2018, upon finding that it presented no nonfrivolous issue for appellate review. *United States v. Hernandez,* 712 F. App'x 440 (5th Cir. 2018).

Hernandez timely filed the instant section 2255 motion on April 17, 2018. He claims his trial counsel was ineffective for failing to contest the imposition of two-level enhancement to his

Total Offense Level under the Unites States Sentencing Guidelines section 2D1.1(b)(5). Doc. 2 at 4-7. The Government filed a response in opposition, to which Hernandez filed a reply.

## II. ANALYSIS

To establish ineffective assistance of counsel, Hernandez must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id*. at 697.

To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the context of ineffective assistance of counsel at sentencing, Hernandez must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001).

Hernandez argues that the Government did not prove he knew the methamphetamine he possessed was imported unlawfully. He contends that "he was only requested to deliver a package that he had no knowledge of what it was or knew where it came from," and, thus, the two-level enhancement under § 2D1.1(b)(5) was not applicable to him. Hernandez further argues that counsel was ineffective for failing to contest the enhancement at sentencing.

As is relevant here, the Guidelines provide:

> If (A) the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals *that the defendant knew were imported unlawfully*, and (B) the defendant is not subject to an adjustment under §3B1.2 (Mitigating Role), increase by 2 levels.

U.S.S.G. § 2D1.1(b)(5) (Nov. 2016) (emphasis added). However, contrary to Hernandez's argument, an adjustment under § 2D1.1(b)(5) applies "whether or not the defendant knew that the methamphetamine was imported." *United States v. Serfass*, 684 F.3d 548, 553 (5th Cir. 2012); *see also United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014) (same). Consequently, Hernandez qualified for the section 2D1.1(b)(5) enhancement regardless of his knowledge of the drugs' origin.

Because Hernandez qualified for the enhancement, any objection to the enhancement would have been futile. Counsel cannot be deemed ineffective for failing to make a futile objection. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.1994) (failure to raise a meritless objection is not ineffective assistance).

### III. CONCLUSION

Hernandez has failed to demonstrate counsel was ineffective. Therefore, his 2255 Motion should be **DENIED,** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 21, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).